BRISTOL NAVAL STORES CO. v. FLORIDA PINE LAND CO.

(Circuit Court of Appeals, Fifth Circuit.   April 26, 1915.)

No. 2736.

TRIAL ☉=260—REQUESTED INSTRUCTIONS—REFUSAL—INSTRUCTIONS ALREADY GIVEN.

Where the bill of exceptions did not include all, or substantially all, of the evidence, and did not include all of the written instruments in evidence, but recited that there was evidence tending to prove that, prior to the attornment by a tenant to a third person representing the title relied on by defendant in an action for the recovery of land, limitations had run for the period required to give title by adverse possession, it was not error to refuse to charge on the question of the effect of the lease by the third person as an attornment, and an eviction of the adverse holders before their holding had continued for the statutory period; and a charge requiring a verdict against plaintiff on the jury finding that the lease was made before the adverse possession had continued for the required period to confer title was sufficient.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659;  Dec. Dig. ☉=260.]

In Error to the District Court of the United States for the Northern District of Florida; Wm. B. Sheppard, Judge.

Action by the Florida Pine Land Company, for the use of Edward Weston, against the Bristol Naval Stores Company.  There was a judgment for plaintiff, and defendant brings error.  Affirmed.

S. Pasco, Jr., and Wm. H. Watson, both of Pensacola, Fla., for plaintiff in error.

Young L. Watson, of Quincy, Fla., and T. L. Clarke, of Monticello, Fla., for defendant in error.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

WALKER, Circuit Judge.  The claim of the defendant in error to the land sued for was based upon an asserted adverse possession of it under color of title for the time requisite to confer title.  A principal contention, made in the trial below and here in behalf of the plaintiff in error, is that, before such period had elapsed, there was an eviction, which stopped the running of the statute of limitations in favor of the adverse holders, as a result of the attornment by their tenants in possession, by the latter taking a lease of the land from one Davis, who was representing the title relied upon by the plaintiff in error.  The plaintiff in error complains of the refusal of the court to give certain written instructions bearing upon the question of the effect of that lease as an attornment to the lessor and an eviction of the adverse holders before their holding had continued for the length of time required to vest title in them.

In support of this complaint, it is claimed in behalf of the plaintiff in error that it was entitled to have the jury definitely instructed to the effect that there was such an attornment by the tenants in possession as

amounted to an eviction, which prevented the acquisition of the asserted title by adverse possession. This claim cannot be sustained. In view of the facts that the bill of exceptions does not purport to set out all, or substantially all, of the evidence adduced on the trial (as it is certified to this court, it not even including all of the written instruments introduced in evidence and which purported to be made a part of it as exhibits), and that it expressly recites that there was evidence tending to prove that prior to the attornment to Davis the statute of limitations had run for the period required to give title by adverse possession, it is not made to appear that the plaintiff in error was entitled to such instructions on this phase of the case as its counsel now claims should have been given. The instruction which the court gave plainly required a verdict against the defendant in error if the jury should find from the evidence that the Davis lease was made before the adverse possession had continued for the period required to confer title, and that the lessor, in taking that lease, was representing the title under which the plaintiff in error claimed, and that the lessees, in attorning to him, recognized the superiority of that title; and these instructions were not excepted to. The court properly submitted to the jury the evidence tending to prove the acquisition of title by adverse possession as claimed by the defendant in error, and also that tending to prove an eviction before such possession became effective to confer title, and its instructions to the jury with reference to the evidence as to the attornment incident were as comprehensive and as favorable to the plaintiff in error as it is made to appear by the evidence as it is disclosed to us that the latter was entitled to require. Merryman v. Bourne, 9 Wall. 592, 19 L. Ed. 683; Tiffany on Landlord and Tenant, pp. 504 and 1298.

We find no prejudicial error in any ruling of the trial court of which complaint is made. It follows that the judgment should be affirmed; and it is so ordered.